■ IVAN STONE, Individually and as Guardian ad Litem of MARY J. STONE, an Infant, et al., Appellants, v. NEW YORK CENTRAL RAILROAD SYSTEM et al., Respondents. JESSIE M. STONE, Appellant, v. NEW YORK CENTRAL RAILROAD SYSTEM et al., Respondents.— These are appeals from orders of the Supreme Court which dismissed the complaints on motion under rule 113 of the Rules of Civil Practice as against the executors of the estate of one Sverdlow and from the judgments entered thereon. There are two actions, but only a single issue is presented. Do the pleadings and moving papers allege facts which present a triable issue of negligence as against Sverdlow? Jessie Stone was driving a car across a private crossing of the New York Central tracks when the car was struck by a train. Sverdlow owned some property and conducted a junk yard on the west side of the railroad tracks. He did not own the property on the east side of the tracks, but had an easement for ingress and egress across that property to reach a public highway. There was a private "roadway" which Sverdlow did not own running from the highway to the tracks. It was the only means of reaching Sverdlow's property. Sverdlow had maintained an ordinary wooden gate across the roadway which was customarily closed and locked at night to prevent thievery, but was kept open in the daytime. Jessie Stone had been over this roadway and across the tracks many times before the accident. The record discloses no facts which demonstrate the violation of any legal duty owed by Sverdlow to persons crossing a railroad track over which he had no control. He certainly was not bound to physically bar persons by fence, gate or otherwise, from crossing the tracks, nor was he required to provide a flagman or guarantee safe passage over the tracks to those who desired to visit his property on the other side. We agree with the Special Term that no actionable negligence is asserted against the executors of Sverdlow. Orders and judgments unanimously affirmed, without costs.